**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: § | CASE NO. 24-52323-MMP | |
| ANCORA SERVICES CORPORATION, § | | |
| § | | |
| DEBTOR. § | CHAPTER 11 SUBCHAPTER V | |
| CR-FED, LLC § | | |
| PLAINTIFF § | | |
| § | | |
| v. § | ADVERSARY NO. _____ | |
| § | | |
| ANCORA SERVICES CORPORATION, § | | |
| DEFENDANT § | | |

**PLAINTIFFS' COMPLAINT AGAINST ANCORA SERVICES CORPORATION
OBJECTING TO DISCHARGEABILITY OF DEBT UNDER § 523(a)(4)**

TO THE HONORABLE MICHAEL M. PARKER,
UNITED STATES BANKRUPTCY JUDGE:

CR-FED, LLC ("CR-FED" or "Plaintiff"), files this its Complaint under 11 U.S.C. § 523 (a)(4) against Ancora Services Corporation ("Debtor" or "Defendant" or "Ancora"), and respectfully state as follows:

## I. PARTIES

1.1 Plaintiff, CR-FED, LLC is a Texas Limited Liability Company with its principal place of business located at 1901 N.W. Military Hwy., San Antonio, Texas 78213.

1.2 Defendant, Ancora Services Corporation, is a Debtor within the above SubChapter V proceeding who may be served through its counsel of record, Heidi McLeod, Heidi McLeod Law, PLLC, 3355 Cherry Ridge, Suite 214, San Antonio, TX 78230.

## II. JURISDICTION

2.1 This Court has jurisdiction over this adversary case under 28 U.S.C. § 157 and §

1334 and under 11 U.S.C. § 523(a). This is a core proceeding under 28 U.S.C. § 157(b)(2) objecting to the dischargeability of debt.

### III. FACTS

3.1 Prior to the filing of said petition for relief, CR-FED and Ancora entered a Factoring and Security Agreement (the "Factoring Agreement") dated May 18, 2021, providing in part for the purchases and sale with full recourse of certain accounts owned by Ancora for and in exchange for the purchase price stated thereon. A true and correct copy of the Factoring Agreement is attached hereto as **Exhibit 1**. In addition to the account purchasing aspects, the Factoring Agreement incorporates a Security Agreement providing a security interests and first lien on collateral consisting in part of acquired accounts, equipment, inventory, general intangibles and other property. The Factoring Agreement requires that Ancora turn over all payments received by Ancora on any purchased accounts, advising that Ancora shall be CR-FED's agent and fiduciary for purposes of receipt and delivery of all payments on factored accounts (See, Factoring Agreement ¶ 9.7).

3.2 In addition, CR-FED provided Ancora with CR-FED's Factoring Policies and Rules – confirming that money received by Ancora from factored accounts belong to CR-FED and that Ancora is a fiduciary in accounting and paying for those collected accounts to CR-FED. The CR-FED Policy form was signed by Ancora. A true and correct copy of the CR-FED Policy form is attached hereto as **Exhibit 2**.

3.3 On June 22, 2022, CR-FED and Ancora entered a Forbearance Agreement (the "Forbearance"), a copy of which is attached as **Exhibit 3**. The Forbearance was prepared and executed following CR-FED's discovery of Ancora's breach of its fiduciary obligations to CR-FED and Ancora's misappropriation of CR-FED account funds. The Forbearance was executed

by Ancora and contained acknowledgements that $79,560.19 was property of CR-FED which was received and misappropriated by Ancora.

3.4     Thereafter, CR-FED continued to do business with Ancora, up to the petition date under a Loan Modification Agreement, a copy of which is attached as **Exhibit 4** and under the Factoring Agreement, containing the purchase of invoices and accounts owned by Ancora and sold to CR-FED which were owed Southern Folger, Leviat, CHF and Levis. A true and correct copy of the Schedule of Invoices dated September 6, 2024 is attached hereto as **Exhibit 5**.

3.4     Notwithstanding provisions in the Factoring Agreement and Ancora's representation that funds collected by Ancora for invoices sold to CR-FED will be delivered and turned over to CR-FED, Ancora, in November 2024, prior to the petition date withheld and failed to turn over $15,354.40 in account funds intended for payment of CR-FED accounts be received for accounts owed by CGT to CR-FED, which funds were collected by Ancora and consumed by Ancora in violation of the covenants within the Factoring Agreement and in breach of Ancora's fiduciary obligations.

3.5     All obligations of Ancora under the Factoring Agreement, the Forbearance Agreement and the Loan Modification Agreement were personally guaranteed by Ancora's principal, Carlos Michael Ancora.

### IV.     OBJECTION TO DISCHARGEABILITY UNDER 11 U.S.C. § 523 (a)(4)

4.1.    CR-FED hereby incorporates by reference Paragraphs 3.1-3.5 herein.

4.2     CR-FED objects to the discharge of indebtedness owed by Debtor under § 523(a)(2), on the following basis:

   A.  Under § 523(a)(4): For fraud or defalcation which acting in a fiduciary capacity.

As specified under the Factoring Agreement, Ancora agreed to act as fiduciary for CR-FED in collecting accounting and delivery of all funds collected by Ancora on any account sold to CR-FED. As set forth under the Forbearance Agreement, Ancora agreed that Ancora had received and misappropriated $79,560.19 in funds owed to CR-FED in violation of Ancora's fiduciary obligations to CR-FED.

4.3  CR-FED objects to Ancora's discharge under 11 U.S.C. § 523(a)(4) for fraud or defalcation while acting in a fiduciary capacity, for breach of Ancora's duty as fiduciary to turn over all collected funds from accounts sold to CR-FED. The Agreement(s) specifically designated Ancora to be the fiduciary and agent for CR-FED for the purpose of receipt and delivery of account payments to CR-FED. By Ancora's failure to turn over all payments to CR-FED, Ancora breached its fiduciary duties owed to CR-FED, and by Ancora's failure to notify CR-FED of the receipt of payments and/or of their misuse or diversion of account payments.

4.4  The breach of fiduciary duties and misappropriation of funds owed by CR-FED includes: (i) $79,560.19 as set forth within the Forbearance Agreement; (ii) additional funds set forth in the Loan Modification Agreement to the extent the funds set forth therein included misappropriated funds; (iii) $15,304.40 in factored funds from the CGT Invoices sold by Ancora to CR-FED and withheld and misappropriated by Ancora in November 2024; and, (iv) such other funds which Ancora may have withheld, prior to and after the petition date.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, CR-FED respectfully requests that upon due consideration, this Court deny dischargeability of Debtor's debt owed to CR-FED for fund misappropriated by Ancora which constitute payments on invoices and receivables sold to CR-FED, in breach of fiduciary obligations, and provide unto CR-FED such other relief, in law to

which they may be justly entitled.

        Respectfully submitted,

        **MARTIN & DROUGHT, P.C.**
        112 East Pecan Street
        Suite 1616
        San Antonio, Texas 78205-3789
        Telephone: (210) 227-7591
        Facsimile: (210) 227-7924
        Email: mcolvard@mdtlaw.com

        By: __/s/ Michael G. Colvard__
            Michael G. Colvard
            State Bar No. 04629200

        **ATTORNEYS FOR PLAINTIFF,**
        **CR-FED**

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2023, a true and correct copy of the foregoing document was served on the parties listed below via the Court's ECF System and via Certified Mail, Return Receipt Requested and via Regular U.S. Mail:

*Certified Mail: 9314 8699 0430 0131 7184 34*
Heide McLeod
HEIDI MCLEOD LAW, PLLC
3355 Cherry Ridge, Suite 214
San Antonio, TX 78230

        /s/ Michael G. Colvard
        Michael G. Colvard